**Michael Shane GREENE,**
**Plaintiff–Appellant,**

v.

**FAIRFIELD COUNTY SHERIFF,**
**et al., Defendants–Appellees.**

**No. 01–3996.**

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2002.

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.*

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

*ORDER*

Michael Shane Greene, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Green sued the Fairfield (Ohio) County Sheriff's Department, Sheriff Gary Demastry, Sergeant David Peck, and Fairfield County Prosecutor David Landefeld contending that the county illegally monitored the telephone conversations that he had with his attorneys. Upon de novo review of a magistrate judge's report, the district court dismissed the case as being barred by the applicable statute of limitations.

In his timely appeal, Green asserts that the district court should not have dismissed his complaint as being time barred. Green argues that for eighteen months he had restricted access to legal materials and that he is entitled to equitable estoppel.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

The complaint is barred by the applicable statute of limitations. The facts establish that Green was incarcerated at the Fairfield County Jail for 601 days beginning in March 1997. During this time, there were numerous telephone calls from Green to his attorneys. In January 1998, the telephone system was upgraded and an automated warning message indicated that

outgoing telephone calls may be recorded and monitored. Despite the warning, Green believed that his calls to his attorneys were still confidential.

Green states that on July 27, 1998, he learned that the Sheriff's Department had a policy of recording calls between inmates and their attorneys. On July 28, 1998, the policy was reported in the local newspaper. In October 1998, Green learned from a jailer at the facility that surveillance was conducted even on the old telephone system and that Green's calls were possibly monitored. Green signed his complaint on November 27, 2000.

The statute of limitations for a cause of action brought under § 1983 in Ohio is two years. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1158 (6th Cir.1991). The limitations period begins to run when the cause of action first accrues. A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury which forms the basis of the claim. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996).

Green admits that he became aware of the jail's monitoring system on July 27 or 28, 1998. He became aware in October of 1998 that his own telephone calls may have been recorded or monitored. Thus, the statute of limitations began to run no later than October 1998. Green signed his complaint on November 27, 2000, the date the complaint can be construed as being filed. *See Houston v. Lack,* 487 U.S. 266, 270–76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because more than two years had passed since the cause of action accrued, Green's complaint is barred by the applicable statute of limitations.

Green states that the district court should have invoked the doctrine of equitable estoppel because of his restricted access to legal materials. He also states that he was forced to rely on public information to determine whether he had a

case. Estoppel is an equitable doctrine which a court may invoke to avoid injustice in particular cases. *Heckler v. Cmty. Health Servs. of Crawford County, Inc.,* 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). Equitable estoppel applies when a party intentionally or negligently induces a party to believe facts and the other party relies upon the belief and would be prejudiced if the first party was allowed to deny those facts. *North Am. Speciality Ins. Co. v. Myers,* 111 F.3d 1273, 1281 (6th Cir.1997). Green does not establish that he was intentionally or negligently induced to believe facts which prejudiced his ability to timely file his complaint. *Id.* Therefore, he is not entitled to invoke the doctrine of equitable estoppel.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.